IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12CR-274-D-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| SILVINO LARA-LARA, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. At the court's request, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.

## Background

Defendant was charged in five counts of an eleven-count indictment on 9 April 2013 with: conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine beginning on or about September 2010 and continuing to on or about 9 January 2013 in violation of 21 U.S.C. § 846 (ct. 1); distribution of a quantity of cocaine and aiding and abetting the same on or about 15 September 2011 (ct. 4) and on or about 24 October 2011 (ct. 5) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession with the intent to distribute a quantity of cocaine and aiding and abetting the same on or about 9 January 2013 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 8); and eluding examination and inspection by immigration officers from at least 2009 and continuously thereafter up to and including on or about 9 January 2013 in violation of 8U.S.C. § 1325(a)(2) (ct. 11). The government's proffer

showed that defendant served as the right-hand man to the leader of a major drug distribution operation in this district.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3)(A) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the proffer of the government and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and the appearance of defendant as required if he were released. This alternative finding is based on, among other facts, the drug-related nature of the charges against defendant, his role in the alleged drug conspiracy, and his status as an illegal alien subject to deportation.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 24th day of April 2013.

                                                                                                        James E. Gates
                                                                                                        United States Magistrate Judge